IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CR-132-N |
| | § | |
| TITO MARRERO, | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

For the reasons stated below, the undersigned magistrate judge recommends that the Court commit Defendant Tito Marrero to the custody of the Attorney General pursuant to 18 U.S.C. § 4142(d) for treatment to determine whether there is a substantial probability that he will attain the capacity to permit the proceedings to go forward.

### I. BACKGROUND

Marrero first appeared before the Court on February 20, 2026, based on a criminal complaint charging him with retaliating against a federal official, in violation of 18 U.S.C. § 115(b). (*See* Dkt. Nos. 1, 4.) Counsel was appointed to represent Marrero, and the Court set a hearing on the government's motion to detain for February 27. (*See* Dkt. Nos. 8, 9.)

Prior to the detention hearing, there was filed on February 26 a sealed unopposed Motion for Competency Determination and Motion for Psychiatric and Psychological Examination. (Dkt. No. 12.) After considering the motion and

Marrero's conduct during his initial appearance, the undersigned granted the motion and found that there is reasonable cause to believe that Marrero might then be suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings or to properly assist in his defense. (Dkt. No. 13.) The undersigned therefore ordered that an evaluation be conducted pursuant to 18 U.S.C. § 4142 and committed Marrero to the custody of the Attorney General for that purpose. (*Id.*)

In the meantime, a grand jury issued an indictment charging Marrero with two counts of influencing, impeding, and retaliating against a federal official by threat, in violation of 18 U.S.C. § 115(a)(1)(B). (Dkt. No. 18.)

The Forensic Evaluation Pursuant to Title 18 U.S.C. § 4142(b) completed by Matthew R. Opesso, Psy.D., has been received and, on April 24, 2026, was filed under seal. (Dkt. No. 20.) The undersigned held a competency hearing on May 8, 2026, at which Marrero was present with counsel.

## II. LEGAL STANDARDS AND ANALYSIS

"If, after a hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4142(d). The Attorney General must then hospitalize the defendant for

-2-

treatment.  *Id.*; *see also United States v. McKown*, 930 F.3d 721, 727 (5th Cir. 2019) ("[U]nlike a court's discretion to confine a defendant before an initial competency hearing, commitment is mandatory upon a finding of incapacity." (citation omitted)).  "Such confinement, however, may las only 'for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.'"  *McKown*, 930 F.3d at 727 (quoting 18 U.S.C. § 4241(d)(1)).

The Fifth Circuit has prescribed a two-step analysis in reviewing a court's competency determination.  *See United States v. Perkins*, 99 F.4th 804, 811 (5th Cir. 2024).  That analysis first considers the nature of the defendant's mental illness and then, second, assesses whether that illness renders the defendant incompetent.  *Id.*  In making this determination, a court may rely on expert psychiatric reports and other evidence, including the court's observations of the defendant's behavior and those of others who have interacted with the defendant.  *See id.*; *see also United States v. Berry*, No. 23-30036, 2023 WL 2912484, at *5 (5th Cir. Apr. 12, 2023) (unpublished).

Having considered the appropriate information, including Dr. Opesso's forensic evaluation report and the undersigned's observations of Marrero in hearings, the undersigned finds by a preponderance of the evidence that Marrero is presently suffering from a mental disease or defect—namely, Bipolar I Disorder, as is stated in the forensic evaluation report.  The undersigned is persuaded by Dr. Opesso's

observations and diagnosis described in the report that Marrero is presently suffering from this mental disease or defect.

At the second step, the undersigned finds by a preponderance of the evidence that the mental disease or disorder renders Marrero mentally incompetent to the extent he is unable both to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  The undersigned is persuaded by Dr. Opesso's observations and evaluation and diagnosis described in the report that Marrero, based on the effects of his mental disease or disorder, does not have a rational understanding of the nature and consequences of the case against him.  And the undersigned is persuaded by Dr. Opesso's observations and evaluation that Marrero, for reasons of his mental disease or disorder, lacks a present ability to assist counsel in his defense.

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** under 18 U.S.C. § 4241(d), that Defendant Tito Marrero be committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity the permit the proceedings to go forward.

-4-

**SO RECOMMENDED** on May 8, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).